

**null / ALL**
**Transmittal Number: 25309404**
**Date Processed: 08/01/2022**

# Notice of Service of Process

**Primary Contact:** Lisa Smith
Franchise World Headquarters, LLC
325 Sub Way
Milford, CT 06461-3081

**Electronic copy provided to:** Dianna Weymer

| | |
|---|---|
| **Entity:** | Subway Real Estate, LLC<br>Entity ID Number 2829058 |
| **Entity Served:** | Subway Real Estate, LLC |
| **Title of Action:** | Mcneese State University Foundation vs. Subway Real Estate, LLC |
| **Matter Name/ID:** | Mcneese State University Foundation vs. Subway Real Estate, LLC (12634524) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Property |
| **Court/Agency:** | Calcasieu Parish District Court, LA |
| **Case/Reference No:** | 2022-2774 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 08/01/2022 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP<br>337-436-9491 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Citation for Petition

MCNEESE STATE UNIVERSITY FOUNDATION
VS. 2022-002774
SUBWAY REAL ESTATE LLC

14th Judicial District Court

State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA
TO: SUBWAY REAL ESTATE LLC OF DELAWARE
REGISTERED AGENT,
CORPORATION SERVICE COMPANY
501 LOUISIANA AVE
BATON ROUGE, LA 70802

Parish of East Baton Rouge

You are named as defendant in the above captioned matter. Attached to this citation is a:

PETITION FOR MONEY JUDGMENT

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 14th Judicial District Court located at 1000 Ryan St., Lake Charles, LA within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

E. A Defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the Defendant shall file his answer to the petition within **thirty (30) days** after service of citation and service of discovery request.

F. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana this 1ST day of JULY 2022.

Issued and delivered July 22, 2022.

Becky Kaliszeski

Becky Kaliszeski
Deputy Clerk of Court

Requested by:
DALLAS KINGHAM

---

SERVICE INFORMATION

Received on the ______ day of ______________ 20___, and on the ______ day of ______________ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named ______________________________

Filing Date: 07/22/2022 12:04 PM Page Count: 2
Case Number: 2022-002774
Document Name: 1604 Citation for Petition

[ Service Copy ]
CMS1604

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of ____________________________, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:

PARISH OF ________________________ this ______ day of ________________ 20____

SERVICE $___________ BY: _________________________________

Deputy Sheriff

MILEAGE $___________

TOTAL $___________

Party No. P001

| | | |
|---|---|---|
| **MCNEESE STATE UNIVERSITY FOUNDATION** | : | **14TH JUDICIAL DISTRICT COURT** |
| **NO.** 2022- 2774 H | : | **PARISH OF CALCASIEU** |
| **SUBWAY REAL ESTATE, LLC OF DELAWARE** | : | **STATE OF LOUISIANA** |
| **FILED:** JUL 01 2022 | : | Kayley Mancuso **DEPUTY CLERK OF COURT** |

******************************************************************************************

**PETITION FOR MONEY JUDGMENT**

The Petition of MCNEESE STATE UNIVERSITY FOUNDATION, a Louisiana non-profit corporation and a domiciliary of Calcasieu Parish, Louisiana, hereinafter referred to as "Plaintiff" and/or "Lessor", who, with respect, represents:

1.

That SUBWAY REAL ESTATE, LLC OF DELAWARE, hereinafter referred to as "Defendant" and/or "Lessee", is a foreign limited liability company domiciled in New Haven County, Connecticut, and may be served via its Registered Agent, namely Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

2.

That Plaintiff is the owner of the immovable property located at 1608 Sampson Street, Westlake, Louisiana 70669, hereinafter referred to as the "Property", which is described more particularly, to-wit:

> Starting at a point which is 30 feet East of and 311.39 feet North of the Southwest corner of the Northwest Quarter of the Northeast Quarter (NW/4 of NE/4) of Section Twenty-Six (26), Township Nine South (T-9-S), Range 9 West (R-9-W), which point is on the Eastern boundary of Westwood Road (Sampson Street) in the town of Westlake, Louisiana, thence proceeding North along the East side of Westwood Road 165 feet, thence East 210 feet, thence South parallel to Sampson Street 165 feet, thence West 210 feet to the point of commencement. [Parcel Number: 00760706]

3.

That Plaintiff and the said Defendant were formerly parties to a Commercial Lease dated November 4, 1993, with MCNEESE STATE UNIVERSITY FOUNDATION as Lessor and Subway Real Estate Corp.[1] as Lessee, which Commercial Lease was extended via Amendment to Lease dated January 22, 2020. Copies of the Commercial Lease and Amendment to Lease, which are hereinafter collectively referred to as the "Lease", are attached hereto as Exhibits "A" and "B", respectively.

[1] While "Subway Real Estate Corp." is the Lessee under the 1993 Commercial Lease, the Lessee in the Amended Lease is "Subway Real Estate, LLC of Delaware". Furthermore, the records of the Louisiana Secretary of State indicate that "Subway Real Estate Corp." changed its name to 'Subway Realty, LLC" effective May 18, 2020.

CAL CASIEU CLERK-C0051 JUL 01 2022 AM08:52:38

4.

That on February 9, 2022, Plaintiff herein filed a summary eviction proceeding (Rule for Eviction) under docket no. 2022-498, Division "E", 14th Judicial District Court, Calcasieu Parish, Louisiana, requesting that Defendant be evicted from the Property due to its breaches of the Lease.

5.

That a hearing was held on Plaintiff's Rule for Eviction on March 22, 2022, before the Honorable David A. Ritchie.

6.

That at the conclusion of the said March 22, 2022 hearing, Judge Ritchie signed a Judgment of Eviction, a certified copy of which is attached hereto as Exhibit "C", wherein Defendant, SUBWAY REAL ESTATE, LLC OF DELAWARE was ordered to vacate the Property and to remove its movable and personal property therefrom no later than April 22, 2022.

7.

That in the said Judgment of Eviction, Plaintiff reserved all other rights and causes of action that it had or may have against Defendant.

8.

That Defendant is justly and truly indebted unto Plaintiff for rental arrearages, attorneys' fees, and other damages as discussed in further detail below, and that despite amicable demand, Defendant has failed to pay any such sums to Plaintiff.

9.

That pursuant to Article 1 of the Amendment to Lease, the monthly rent due from Defendant to Plaintiff during the term of the Lease was $3,162.00.

10.

That Defendant failed to pay any rent to Plaintiff from August of 2020 until the Judgment of Eviction was rendered in March 2022, and owes Plaintiff **$60,076.00** in rental arrearages which accrued during that timeframe.

11.

That Defendant is required to maintain and repair the interior of the Property. In the paragraph titled MAINTENANCE AND REPAIRS, the Lease also requires that "Lessee shall, at Lessee's expense, be responsible for all maintenance and repairs to the leased premises, specifically including plumbing, electrical, heating, ventilating, air conditioning, and refrigeration equipment repair."

12.

That the Property sustained damage due to Hurricanes Laura and/or Delta which necessitated interior repairs.

13.

That Lessee failed to repair the interior of the Property prior to the rendering of the Judgment of Eviction in March 2022.

14.

That the estimated cost to repair the interior of the Property to its pre-hurricane condition is **$81,315.75**.

15.

That the Lease, in the paragraph titled MAINTENANCE AND REPAIRS, requires that "Lessor shall be responsible for maintaining the structural integrity of the roof, walls and the foundation of the building including the responsibility to repair any roof leaks."

16.

That after Hurricanes Laura and Delta, Plaintiff caused a new roof to be installed at the Property and otherwise fulfilled its obligations under the Lease.

17.

That after the new roof was installed at the Property, Lessee unilaterally elected, without conferring with Lessor, to install a split-level air conditioning units at the Property that are different than the pre-hurricane, rooftop air conditioning units, causing issues with the new roof allowing water to enter the building. Had Lessee installed the same air conditioning units that were present at the Property before the 2020 hurricanes, the new roof installed by Lessor would have been free of defects.

18.

That the estimated cost to remove the incorrect, split-level air conditioning units from the roof of the Property and to repair the area where the units were placed is $10,000.00.

19.

That the estimated cost to replace the incorrect split-level air conditioning units with the same rooftop units that existed before Hurricanes Laura and Delta is $60,000.00.

20.

That undersigned counsel for Plaintiff sent formal written demand for payment to Defendant on May 9, 2022, a copy of which is attached hereto as Exhibit "D". Plaintiff received no response to this correspondence, and Defendant has failed to pay any sums to Plaintiff since its August 2020 rent payment.

21.

That the Lease, in the paragraph titled ATTORNEY FEES, provides that "In the event of any court action between Lessor [Plaintiff] and Lessee [Defendant], to enforce any of the provisions or rights hereunder, the prevailing party shall be entitled to recover from the other, all costs and expenses, including reasonable attorney's fees in such amount as the court may determine." Accordingly, Plaintiff is entitled to reasonably attorneys' fees in both the aforesaid summary eviction proceeding and in the instant matter.

WHEREFORE, premises considered, Plaintiff, MCNEESE STATE UNIVERSITY FOUNDATION, prays that the Defendant, SUBWAY REAL ESTATE, LLC OF DELAWARE, be duly cited and served with a copy of this Petition and that, after the lapse of all legal delays and due proceedings had, there be judgment herein in favor of Plaintiff and against the said Defendant, for all costs and damages to be proven at trial, including but not limited to rental arrearages in the sum of $60,076.00, interior repair costs in the sum of $81,315.75, and costs to replace the incorrect air conditioning units with the correct units and to repair the roof where the incorrect units were placed by Lessee in the sum of $70,000.00, with legal interest thereon from date of judicial demand, until paid, and reasonable attorneys' fees, together with all costs of this suit, all pursuant to the Lease.

PRAYS FURTHER for all orders and decrees necessary in the premises for full, general, and equitable relief.

Respectfully Submitted:

**STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, LLP**

BY: ______________________________

**DALLAS K. KINGHAM (#29935)**
**STEPHEN D. POLITO (#32638)**
**DEREK G. HOFFMAN (#38272)**
127 W. Broad Street, 4th Floor
Lake Charles, LA 70601
(337) 436-9491 (Phone)
(337) 493-7210 (Fax)
DKKingham@ssvcs.com
SDPolito@ssvcs.com
DGHoffman@ssvcs.com

*Attorneys for MCNEESE STATE UNIVERSITY FOUNDATION*

DATE: June 30, 2022

CALCASIEU CLERK-COST
JUL 01 2022 AM10:52:56
A TRUE COPY
Lake Charles, Louisiana
Deputy Clerk of Court
Calcasieu Parish Louisiana

**PLEASE SERVE:**

SUBWAY REAL ESTATE, LLC OF DELAWARE
*Via its Registered Agent:*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

#14858
LCC

STATE OF LOUISIANA

PARISH OF CALCASIEU

COMMERCIAL LEASE

BEFORE ME, the undersigned Notaries Public duly commissioned and qualified in and for the States and Parishes/Counties hereinafter indicated and on the dates hereinafter described herein, before the undersigned competent witnesses, personally came and appeared:

McNeese State University Foundation, a non-profit Louisiana corporation, herein represented by Evelyn S. Murray, its duly authorized President, hereinafter referred to as "Lessor" and Subway Real Estate Corp., a corporation organized under the laws of Delaware for the purpose of leasing property for Subway Franchisees of Doctor's Associates, Inc. and having its usual place of business at 325 Bic Drive, Milford, Connecticut, 06460-3059, hereinafter referred to as "Lessee" who declared that:

In consideration of the rentals hereinafter reserved, and of the covenants, agreements and conditions hereinafter set forth, Lessor does hereby lease and let to Lessee the property bearing street address 1608 Sampson Street, Westlake, Louisiana, (formerly Hardee's restaurant)(consisting of 2218 square feet of space).

**TERM AND RENT:** This lease will be for a primary term of three (3) years and two (2) months, commencing November 1, 1993, and ending December 31, 1996. The rent for this primary term of the lease shall be $1,000.00 per month. The rent for the months of November and December, 1993 are waived by Lessor. All payments shall be due and payable on the 1st day of the month and shall be made to Lessor at P.O. Box 9-1989, Lake Charles, Louisiana, 70609, or at such other place as Lessor shall designate.

Provided Lessee is not in default at the end of the primary term, Lessee has the option to extend the lease for an additional two (2) year period for a rental of $1,100.00 per month. Lessee must give notice to Lessor, at the address stated herein for notices, at least 60 days before the expiration of the primary term of the lease of its intention to exercise this right to extend the lease.

At the expiration of the two year extension period described in the preceding paragraph, should Lessee not be in default, Lessee shall also have the right to extend the lease for an additional five (5) year term. Rental for year six and seven shall be $1,160.00 per month and rental for years eight, nine and ten shall be $1,225.00 per month. Again, Lessee must notify Lessor of its intention to exercise its right to extend the lease for this additional five year time period 60 days prior to the expiration of the two year extension period described previously.

**QUIET ENJOYMENT:** Lessor covenants, warrants and represents that upon commencement of the lease term, Lessor has full right and power to execute and perform this lease, and to grant the estate demised herein; and that Lessee, upon the payment of the rent herein reserved and performance of the covenants and agreements hereof, shall peaceably and quietly have, hold and enjoy the demised premises and all rights, easements, covenants, and privileges belonging or in any way appertaining thereto, during the term of this lease.

In the event the Lessor transfers its interest in the property in which the demised premises are located, it is understood that the transferee shall assume the responsibilities of the Lessor for the remainder of the term of this lease.

FILED JUL 01 2022
Deputy Clerk of Court
Calcasieu Parish Louisiana

CALCASIEU CLERK-C0ST
JUL 01 2022 AM10:54:21



**USE OF PREMISES:** The Premises shall be used for the maintenance and operation of a Restaurant or for any other lawful purpose. Menu items will be sold for on and off premises consumption. Lessee may remain open seven (7) days per week twenty-four (24) hours per day.

**UTILITIES:** Lessee shall arrange and pay for all utilities furnished to the premises during the term of this lease, including but not limited to water, electricity, gas, and telephone service.

**MAINTENANCE AND REPAIRS:** Lessee accepts the leased premises in its present condition "as is". Lessee shall, at Lessee's expense, be responsible for all maintenance and repairs to the leased premises, specifically including plumbing, electrical, heating, ventilating, air conditioning, and refrigeration equipment repair. The only exception to Lessee's obligation of maintenance is that Lessor shall be responsible for maintaining the structural integrity of the roof, walls and the foundations of the building including the responsibility to repair any roof leaks.

Lessee specifically acknowledges that it is aware that the air conditioner compressors located on the leased premises will require replacement or repair and that there may be other areas of air conditioning, heating, and refrigeration units that are not in working condition.

Lessee also acknowledges that they are aware that the leased premises were tented and fumigated for termite infestation in March or April of 1992. Lessee is obligated to keep in force a termite contract or bond with a termite company acceptable to Lessor. Lessee shall furnish proof of such termite contract or bond semi-annually to Lessor. Lessee agrees to indemnify Lessor for any and all future damages for termite infestation should Lessee fail to keep in force a termite contract or bond with a termite company acceptable to Lessor as described herein.

Lessee shall keep the premises in a clean, neat, orderly and sanitary condition, and comply with all laws, ordinances, health and policy requirements of all public authorities and agrees to indemnify Lessor from any and all liabilities arising out of Lessee's failure to do so.

Lessor is not aware of any potentially hazardous asbestos material being located in the leased premises, however, the risk that a governmental agency shall during the lease term require asbestos removal is assumed by Lessee. Should any governmental agency require the removal of any asbestos located in the leased premises it shall be at Lessee's sole cost and expense.

**SURRENDER OF PREMISES:** Lessee shall surrender the premises at the end of the lease term, or any extension thereof, in the same condition as when it took possession. Lessee shall not be responsible for any repairs or alterations beyond those required to restore the premises to a condition substantially similar to the condition of the premises at the commencement of this lease, reasonable wear and tear excepted.

**NON-LIABILITY OF LESSOR FOR DAMAGES:** Lessor shall not be responsible for liability or damage claims for injury to persons or property for any cause relating to the occupancy of the premises by Lessee. Lessee shall indemnify Lessor from all liability, loss or other damage claims for obligations resulting from any injuries or losses of this nature, including reasonable attorney's fees and court costs incurred by Lessor in defending any such claims.

**TAXES AND INSURANCE:** Lessee shall be responsible for payment of all ad valorem, sales, income and other taxes attributable to



its occupancy of the building and its operations therein. Lessee shall bear full responsibility for any ad valorem taxes assessed against the leased lands and building.

Lessee agrees to purchase and maintain fire and windstorm-extended coverage insurance on the dwelling located on the property, and said coverage shall provide protection for losses sustained up to the full insurable value with a maximum deductible of $1,000.00. Lessor shall be named as an insured under such policy. Said insurance policy shall protect Lessor from loss due to damage or destruction of the property. Any receipts from said insurance shall be used to repair and restore the property to the condition it was in before any casualties. In the event that the cost of restoration or repair of the property would exceed 40% of the replacement cost, Lessor may elect to keep its share of the insurance proceeds and terminate the lease by written notice to Lessee within 60 days after the occurrence of such damage or destruction. Lessee shall provide to Lessor a certificate of insurance.

Lessee, at it's own expense, shall obtain and maintain during the continuation of this lease, "owners, landlords, and tenants liability insurance" written by an insurance company or companies approved by the Lessor, licensed to do business in the State of Louisiana which will fully protect Lessor from any and all liability from property damage or personal injury suffered by reason of the use of the leased premises, in the limits of $1,000,000.00 to apply in the case of one person injured, and $3,000,000.00 to apply in the case of any one accident and $1,000,000.00 property damage; and shall furnish properly certified copies of such insurance policy to Lessor. Lessee is fully responsible to maintain insurance coverage for its contents in the premises.

Lessee agrees that the policy of liability insurance described herein shall be the primary coverage from any claim regardless of any other insurance that Lessor may have to protect itself from such a risk.

Should Lessee fail to pay the insurance and taxes as required in the preceding paragraphs, Lessor may, at Lessor's option, pay said taxes and purchase said insurance and the costs of same shall be added to the rental payments.

**ASSIGNMENT AND SUB-LETTING:** Lessee shall not sublet the leased premises or any part thereof, assign this lease or an interest therein, nor grant use or possession thereof by another without the prior written consent of the Lessor, which consent shall not be unreasonably withheld. However, such action will not relieve Lessee of its obligations hereunder. It shall be reasonable for the Lessor to withhold its consent to any such assignment or sublease which would violate other obligations of Lessor or would adversely affect Lessor's position and rights under this lease, or adversely affect the rental due under this lease. Such assignment or subletting shall not alter the Lessee's responsibility to the Lessor under this lease. Lessor agrees to accept rent from the Lessee, its assignee or sublessee.

Notwithstanding anything in this lease to the contrary, tenant may assign this lease or sublet the premises to any bona-fide Subway licensee/franchisee of Doctor's Associates, Inc. without the prior consent of or written notice to the Landlord. Such assignment or subletting shall not alter the Tenant responsibility to the Landlord under this Lease. Landlord agrees to accept rent from the Tenant, its assignee or sublessee.

**IMPROVEMENTS OR ADDITIONS BY TENANT:** During the term of this lease, Lessee shall have the right and privilege of remodeling or

altering the interior of the premises, in accordance with the standard SUBWAY decor, including installation of additional partitions complying with all codes, ordinances, and laws in effect at the time or remodeling. No alterations or improvements affecting the structural portion of the building shall be made by Lessee without the written consent of Lessor. Lessee shall be permitted, within ten (10) days after the expiration or sooner termination of this lease, to remove any additions or improvements made by it, provided, however, that it repairs any damage to the premises caused by such removal or pays for any damages caused by such removal and further provided, that any such addition or improvement not removed within ten (10) days, shall be deemed abandoned and shall, thereupon, become the property of Lessor without compensation to Lessee.

**RESTRICTIONS AGAINST MECHANIC'S LIENS:** Lessee shall pay and settle all expenses and liabilities arising out of or in any way connected with any and all construction, repairs, alterations, or maintenance of the premises, and all liens of mechanic's and materialmen, and all liens of a similar character, arising out of or growing out of the construction, repair, alteration, or maintenance of the premises.

**SIGNS:** Lessor grants permission to the Lessee to erect the largest sign (s) and awning (s) permitted by local codes and ordinances.

**CONDEMNATION:** If the whole or any part of the demised premises (excepting in regard to the parking area in which case it must be at least 10% of the parking area) shall be taken by any lawful authority under the power of eminent domain, then this lease and the term demised, shall thereupon terminate and Lessee shall be liable for rent only up to the date of such termination.

In the event of the partial or complete taking of the improvements, as aforesaid, Lessee shall be entitled to participate in any and all awards for such taking to the extent that any such award includes the loss, if any, sustained by Lessee as a result of the termination of this lease for loss of business, fixtures and moving expenses.

**HOLDING OVER:** The failure of Lessee to surrender the premises upon the termination of the original lease term or extension, and subsequent holding over by Lessee, without consent of the Lessor shall result in the creation of a tenancy for month to month at a monthly rental of 125% of the rent in effect at that time, payable on the first day of each month during the month to month tenancy. This provision does not give Lessee any right to hold over. All other terms and conditions of this lease shall remain in full force during any month to month tenancy hereunder.

**NOTICES:** All payments of rent shall be payable to McNeese State University and delivered and/or mailed to P.O. Box 9-1989, Lake Charles, Louisiana, 70609, or such other place as Lessor may designate in writing. All required notices and communications to the Lessor shall be directed to such address. Lessor and Lessee acknowledge that it is extremely important that rent be paid in a timely manner as required by this lease. Since Lessee may be subletting the premises to a licensee/franchisee of Doctor's Associates, Inc. and the licensee/franchisee may be paying rent directly to the Lessor, the Lessee does not receive rental income and will not know if rent has not been paid. Since the parties recognize that time is of the essence in this matter, Lessor agrees to give written notice to Lessee within seventy-five (75) days of any default committed under this lease by a Sublessee or Assignee

of Lessee. Any notice which is to be given to Lessee shall be deemed sufficiently given if sent by Certified or Registered mail, postage prepaid, addressed described hereinbelow. Failure to give such notice shall constitute a waiver of monetary and non-monetary claims against the Lessee.

Lessee:

(1) 325 Bio Drive, Milford, CT 06460-3059
(2) To the Development Agent at:

George Gardner
320 North 23 Road
Beaumont, TX 77709

(3) And the demised premises.

Lessor's address for notice is:

P.O. Box 9-1909
Lake Charles, LA 70609

**DEFAULT:** Should Lessee at any time violate any of the conditions of this lease, or fail to comply with any of its obligations hereunder, and such default shall continue for a period of ten (10) days after Lessee has been given written notice of such default mailed to the office of Lessee at 325 Bio Drive, Milford, CONN 06460-3059 or upon the filing of a bankruptcy, receivership or respite petition by or against Lessee, or upon Lessee's suspension, failure or insolvency, the rent for the whole unexpired term of this lease shall be due and collectable, at the option of Lessor, without putting Lessee in default, Lessee to remain responsible for all damages or losses suffered by Lessor, and Lessee hereby to remain thereto. Failure to comply with any condition or obligation of this lease will make Lessee liable for any loss or damage sustained any Lessor after Lessee has been given the notice required by this paragraph. Notwithstanding anything in this lease to the contrary Lessee's liability upon default shall be limited to an amount which shall not exceed twelve months minimum monthly rent ($1,000.00 per month or a total of $12,000.00).

**ACCESS BY OWNER:** Lessor or Lessor's agent may enter the leased premises at all times after 24 hours notice, except in case of emergency, to examine the same, and show them to prospective purchasers or lessees of the building, and to make such repairs, alterations, improvements or additions as Lessor may deem desirable, and Lessor may take all appropriate material into and upon the premises without the same constituting an eviction of Lessee in whole or in part, and rent shall not abate while such repairs, alterations, improvements or additions are being made, by reason of loss or interruption of business of Lessee, or otherwise. If Lessee shall not be personally present to open and permit an entry into the premises, at any time, when for any reason an entry therein shall be necessary, Lessor or Lessor's agents may do so without rendering Lessor or its agent liable therefore and without any matter affecting the obligations and covenants of this lease. Nothing herein contained, however, shall be deemed or construed to impose upon Lessor any obligations, responsibility or liability whatsoever, for the care, maintenance or repair of the building or any part thereof, except as otherwise herein specifically provided.

**SUBORDINATION:** This lease is, and at all times hereinafter, shall be subject and subordinate to any and all present and future mortgages, liens, restrictions or encumbrances which may be placed on the premises or any part thereof by Lessor or any other person or persons claiming under Lessor. The foregoing is intended as complete, outright and effective subordination, without the necessity of execution of any additional instrument or instruments, however, if Lessor, or any mortgagee of the Lessor should so

request, Lessee will execute an instrument evidencing and confirming the subordination of this lease to the lien of any specific mortgage.

**LIMITATION OF LIABILITY OF PERSONS AND ENTITIES AFFILIATED WITH LESSEE:** LESSOR RECOGNIZES AND ACKNOWLEDGES THAT LESSEE IS A DELAWARE CORPORATION AND THAT LESSEE'S ASSETS CONSIST ALMOST EXCLUSIVELY OF LEASES, SUBLEASES, AND OPTIONS TO PURCHASE LEASED PREMISES. LESSOR ALSO RECOGNIZES AND ACKNOWLEDGES THAT LESSEE WAS ORGANIZED PRINCIPALLY FOR THE PURPOSE OF NEGOTIATING AND DRAFTING LEASES WITH A VIEW TOWARDS SUBLETTING THE LEASED PREMISES TO FRANCHISEES/LICENSEES OF DOCTOR'S ASSOCIATES, INC. ("DAI"). LESSOR RECOGNIZES AND ACKNOWLEDGES THAT IT HAS BEEN ADVISED THAT DAI IS A FLORIDA CORPORATION THAT OWNS ALL RIGHTS TO AWARD SUBWAY FRANCHISES, AND THAT LESSOR HAS ALSO BEEN ADVISED THAT LESSEE HAS NO RIGHTS WHATSOEVER TO AWARD SUBWAY FRANCHISES OR COLLECT ANY FRANCHISE RELATED ROYALTIES FROM ANY PROSPECTIVE SUBLESSEE OF THE DEMISED PREMISES. LESSOR RECOGNIZES AND ACKNOWLEDGES THAT IT HAS BEEN GIVEN AN OPPORTUNITY, WHETHER BY ITSELF OR WITH THE ASSISTANCE OF ITS PROFESSIONAL ADVISORS, TO MAKE INQUIRY OF LESSEE'S FINANCIAL STATUS AND TO EVALUATE SAID STATUS TO ITS SATISFACTION. LESSOR HAS EITHER MADE SUCH INQUIRY AND IS SATISFIED WITH THE RESPONSE TO SUCH INQUIRY OR HAS AFFIRMATIVELY AND VOLUNTARILY DETERMINED NOT TO DO SO. LESSOR ALSO RECOGNIZES AND ACKNOWLEDGES THAT LESSEE INTENDS TO SUBLEASE THE PREMISES TO A PERSON(S) WHO HAS OR WILL BE AWARDED A FRANCHISE/LICENSE FOR A "SUBWAY" SANDWICH SHOP FROM DAI, UNDER WHICH SUBLEASE THE SUBLESSEE WILL PAY RENT AND OTHER CHARGES DIRECTLY TO THE LESSOR SO THAT THE RENTAL PAYMENT FROM SUCH SUBLESSEE WILL NORMALLY NOT BE RECEIVED OR HELD BY THE LESSEE. ALTHOUGH THE SUBLESSEE MAY OPERATE A BUSINESS KNOWN AS "SUBWAY" AND MAY HAVE FRANCHISE AND OTHER BUSINESS RELATIONSHIPS WITH CORPORATIONS RELATED TO OR ASSOCIATED BY THE GENERAL PUBLIC WITH "SUBWAY", AS IT IS COMMONLY KNOWN, THE LESSOR RECOGNIZES AND ACKNOWLEDGES THAT THE SOLE AND EXCLUSIVE PERSON OR ENTITY AGAINST WHICH IT MAY SEEK DAMAGES OR ANY REMEDIES UNDER THIS OR ANY OTHER DOCUMENT IN WHICH THE LESSOR AND LESSEE OR LESSOR AND SUBLESSEE ARE PARTIES, WHETHER FOR UNPAID RENT AND ASSOCIATED DAMAGED, CLAIMS OF UNJUST ENRICHMENT, CLAIMS OF UNFAIR TRADE PRACTICES, OR ANY OTHER THEORY OF RECOVERY OF ANY KIND OR NATURE, IS THE LESSEE, AND/OR, IF APPROPRIATE, THE SUBLESSEE. FURTHER, IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THERE WILL NOT BE ANY LIABILITY WHATSOEVER AGAINST (A) DAI, ITS SHAREHOLDERS, DIRECTORS, OFFICERS, EMPLOYEES, AND/OR AGENTS OF THE LESSEE (B) ANY PERSONS AND ENTITIES WHO ARE THE SHAREHOLDERS, DIRECTORS, OFFICERS, EMPLOYEES, AND/OR AGENTS OF THE TENANT. EACH EXCULPATION OF LIABILITY SHALL BE ABSOLUTE AND WITHOUT ANY EXCEPTION WHATSOEVER.

**ENTIRE AGREEMENT:** Lessor represents that there are no oral agreements affecting this lease; this lease, exhibits and rider, if any, attached hereto and forming a part hereof, supersede and cancel any and all previous negotiations, arrangements, letters of intent, lease proposals, brochures, agreements, representations, promises, warranties and understandings between the parties as stated by, including but not limited to, Lessee's agent(s), employee(s), Subway franchisee(s), and/or Subway;s Development Agent(s). No alteration, amendment, change or addition to this lease shall be binding upon either party unless reduced to writing and signed by each party.

**BROKERS:** Lessor agrees to indemnify Lessee for any claim for brokerage commissions in connections with this lease.

**RECORDING:** Either party shall, upon ten (10) days written request of the other, execute, acknowledge and deliver to the other, a short form Memorandum of the Lease for recording purposes. All costs and expenses related thereto shall be borne by the party requesting the Memorandum.

ℓ

**WAIVER:** No waiver by either of the parties hereto of any provision or breach hereof, shall be deemed a waiver of any other provision or of any subsequent breach by the Lessee or the Lessor of the same or any other provisions. The Lessor's or Lessee's consent to or approval of any act shall not be deemed to render unnecessary the obtaining of the Lessor's or the Lessee's consent to or approval of any subsequent act. The subsequent acceptance of rent hereunder by Lessor shall not be deemed to be a waiver of any preceding breach by Lessee of any term, covenant or condition of this lease unless such waiver be in writing by Lessor.

No remedy or election hereunder shall be deemed exclusive, but shall, whenever possible, be cumulative with all other remedies at law or in equity.

**LAW:** This lease and the performance hereunder shall be governed by the laws of the State in which the premises are located.

**HEADINGS:** This instrument's paragraph headings are for quick reference and convenience only and do not alter or otherwise affect the terms, conditions, and agreements set out herein.

**ATTORNEY'S FEES:** In the event of any court action between Lessor and Lessee, to enforce any of the provisions or rights hereunder, the prevailing party shall be entitled to recover from the other, all costs and expenses, including reasonable attorney's fees in such amount as the court may determine.

**SEVERABILITY:** Should any provision of this lease be or become invalid, void, illegal or not enforceable, it shall be considered separate and severable from the lease and the remaining provisions shall remain in force and be binding upon the parties hereto as though such provision had not been included.

THUS DONE, READ AND SIGNED the 4th day of November, 1993, in my office in Lake Charles, Louisiana, in the presence of James E. Taussig, II and Patricia L. Carr, lawful witnesses, who hereunto sign with the said parties and me, Notary Public.

WITNESSES:

MCNEESE STATE UNIVERSITY FOUNDATION

BY: [signature]
EVELYN S. MURRAY

[signature]

[signature]

[signature]
NOTARY PUBLIC

THUS DONE, READ AND SIGNED the [illegible] day of [illegible], 1993, in my office in [illegible], [illegible], In the presence of [illegible], [illegible], lawful witnesses, who hereunto sign with the said parties and me, Notary.

WITNESSES:

[signature]

[signature]

SUBWAY REAL ESTATE CORP.

BY: [signature]

Theodore Parent
Vice President

11/8/93

[signature]
NOTARY PUBLIC

#14258

# AMENDMENT TO LEASE

THIS AGREEMENT is dated for reference purposes the 21st day of January 2020 between:

MCNEESE STATE UNIVERSITY FOUNDATION ("Landlord")
-and-
SUBWAY REAL ESTATE, LLC, a Delaware limited liability company ("Tenant")

WHEREAS:
Pursuant to a Lease dated November 8, 1993 as amended January 14, 2004, August 17, 2006 and January 16, 2015 (collectively, the "Lease") between Landlord and Tenant for a 2,700 square foot premises located at:

1608 Sampson Street
Westlake, LA 70669

For good and valuable consideration, it is hereby agreed that the Lease shall be amended as follows:

1. Tenant has exercised its option to renew this Lease for a period of five (5) years commencing on January 1, 2020 and expiring December 31, 2024. The monthly rental rate shall be $3,162.00.

2. Tenant is granted an additional five (5) year option to renew the Lease commencing January 1, 2025 and expiring December 31, 2029. The monthly rental rate is agreed to be $3,260.00. Tenant shall provide written notice to Landlord of its intention to renew at least sixty (60) days prior to the expiration of the current term.

3. Landlord's address for notice is:
c/o castle Real Estate
3519 Patrick St., Ste 255, Lake Charles, LA 70605
Email: sezell@castlere.com

Tenant's address for notice is:
325 Sub Way
Milford, CT 06461
SubwayRealEstate@Subway.com

to the Development Agent at:
1140 W. Campbell Road
Richardson, TX 75080

And the Demised Premises.

4. The parties acknowledge that no defaults exist by either of the parties in the performance of the terms, covenants, and conditions of the Lease. Tenant and Landlord hereby agree that all financial obligations of either party have been charged and paid in accordance with the Lease.

5. This Amendment may be executed in counterparts, each of which shall be an original and all of which counterparts taken together shall constitute one and the same agreement. Execution of this Amendment by electronic means including transmission via facsimile or portable document format (PDF) shall be valid and given equal force and effect as ink signatures.

All other terms and conditions shall remain the same. In witness whereof, the parties hereto have executed this Amendment to Lease.

LANDLORD:
MCNEESE STATE UNIVERSITY FOUNDATION

By: [signature]

Name/Title: Richard H. Reid / Exe. VP
Dated: 1/22/2020

TENANT:
SUBWAY REAL ESTATE, LLC
a Delaware limited liability company

By: [signature]

Name: Matthew Whelan, Vice President
Dated: JAN 22 2020

FILED JUL 01 2022
[signature]
Deputy Clerk of Court
Calcasieu Parish, Louisiana

CALCASIEU CLERK-COST
JUL 01 2022 AM10:54:40

| | | |
|---|---|---|
| **MCNEESE STATE UNIVERSITY FOUNDATION** | : | **14TH JUDICIAL DISTRICT COURT** |
| **NO. 2022-498 "E"** | : | **PARISH OF CALCASIEU** |
| **SUBWAY REAL ESTATE, LLC OF DELAWARE** | : | **STATE OF LOUISIANA** |
| **FILED:** MAR 2 2 2022 | : | **DEPUTY CLERK OF COURT** |

*******************************************************************************

**JUDGMENT OF EVICTION**

This matter came before the Court on the Rule for Eviction filed by MCNEESE STATE UNIVERSITY FOUNDATION, for the eviction of SUBWAY REAL ESTATE, LLC OF DELAWARE from the immovable property situated at 1608 Sampson Street, Westlake, Calcasieu Parish, Louisiana 70669. Present in Court were Stephen D. Polito and Derek G. Hoffman for MCNEESE STATE UNIVERSITY FOUNDATION. The Court, after considering the pleadings and evidence, ruled as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that (i) SUBWAY REAL ESTATE, LLC OF DELAWARE vacate the immovable property situated at 1608 Sampson Street, Westlake, Calcasieu Parish, Louisiana 70669, no later than April 22, 2022; (ii) that SUBWAY REAL ESTATE, LLC OF DELAWARE remove all of its movable and personal property located thereon no later than April 22, 2022, (iii) that upon its failure to do so, MCNEESE STATE UNIVERSITY FOUNDATION is hereby authorized to remove and dispose of all of Defendant's movable and personal property at Defendant's sole expense.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MCNEESE STATE UNIVERSITY FOUNDATION reserves all other rights and causes of action that it has or may have against SUBWAY REAL ESTATE, LLC OF DELAWARE.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that SUBWAY REAL ESTATE, LLC OF DELAWARE pay all costs of these proceedings.

JUDGMENT RENDERED in Open Court in Lake Charles, Louisiana, on March 22, 2022.

/s/ David A. Ritchie

**HONORABLE DAVID A. RITCHIE**
JUDGE, 14TH JUDICIAL DISTRICT COURT

Respectfully Submitted:

STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, LLP

STEPHEN D. POLITO (#32638)
DEREK G. HOFFMAN (#38272)
127 W. Broad Street, 4th Floor
Lake Charles, LA 70601
(337) 436-9491 (Phone)
*Attorneys for MCNEESE STATE UNIVERSITY FOUNDATION*

CALCASIEU CLERK-COST
JUL 01 2022 AM10:54:52

MAR 2 2 2022
A TRUE COPY
Lake Charles, Louisiana
Deputy Clerk of Court
Calcasieu Parish, Louisiana

FILED JUL 0 1 2022
Deputy Clerk of Court
Calcasieu Parish, Louisiana

LAW OFFICES OF
STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK
L.L.P.

4th & 5th FLOORS, ONE LAKESIDE PLAZA
127 WEST BROAD STREET · 70601
POST OFFICE BOX 2900 · 70602-2900
TELEPHONE (337) 436-9491
FAX (337) 493-7210 [4th Floor]
FAX (337) 493-7209 [5th Floor]
www.ssvcs.com
LAKE CHARLES, LOUISIANA

WILLIAM B. MONK
BRIAN L. COODY
SUSAN GAY VICCELLIO
BENJAMIN J. GUILBEAU, JR.
H. AUBREY WHITE, III (1,2)
TODD M. AMMONS
DAVID L. MORGAN
JOHN J. SIMPSON (3)
DALLAS K. KINGHAM
STEPHEN D. POLITO
ROSS M. RALEY

ELIZABETH F. SHEA
KATHLEEN T. DEANDA
ALEX E. MOUHOT
DEREK G. HOFFMAN
JUSTIN J. BAKER
DARRELL G. GUIDRY, JR.

(1) BOARD CERTIFIED* ESTATE PLANNING AND ADMINISTRATION SPECIALIST
*BY THE LOUISIANA BOARD OF LEGAL SPECIALIZATION

OF COUNSEL
EMMETT C. SOLE
JOHN S. BRADFORD
THOMAS G. HENNING
PAUL L. VEAZEY, JR.
ANDREW D. McGLATHERY, III
MILLER M. FLYNT
J. GREGORY BERGSTEDT

SPECIAL COUNSEL
PAMELA L. COURTNEY

COUNSEL EMERITUS (4)
CHARLES D. VICCELLIO
WILLIAM E. SHADDOCK, JR.
STEPHEN C. POLITO
ROBERT S. DAMPF
H. ALAN McCALL
LEE W. BOYER

(2) LL.M. IN TAXATION
(3) ALSO ADMITTED IN TEXAS
(4) RETIRED FROM ACTIVE PRACTICE WITH THE FIRM

May 9, 2022

**VIA CERTIFIED MAIL (RRR) & E-MAIL**

**TRACKING #7021 2720 0001 0396 1980**
Ms. Jennifer Sweeten, Esq.
Subway Real Estate LLC of Delaware
325 Sub Way
Milford, CT 06461
sweeten_j@subway.com

**TRACKING #7021 2720 0001 0396 1997**
Mr. AJ Cool
Franchise World Headquarters, LLC
325 Sub Way
Milford, CT 06461
cool_a@subway.com

RE: **FORMAL DEMAND FOR PAYMENT**
1608 Sampson Street, Westlake, Louisiana 70669
Subway No. 14258 ("Leased Premises")

FILED JUL 01 2022
Deputy Clerk of Court
Calcasieu Parish, Louisiana

Dear Jennifer and AJ:

As you know, our Firm represents the McNeese State University Foundation (the "Foundation") with regard to the Leased Premises and the Commercial Lease between the Foundation and Subway (the "Lease"). We received Subway's March 30, 2022 offer to purchase the Leased Premises from the Foundation, and we submitted a counter offer to you on April 5, 2022. We did not receive any response from Subway prior to the April 22, 2022 deadline.

The Judgment of Eviction rendered in open court on March 22, 2022, a copy of which is enclosed for reference, required Subway to vacate the Leased Premises no later than April 22, 2022. This includes the removal of all of Subway's movable and personal property. Significantly, the Judgment of Eviction expressly reserves all of the Foundation's other rights and causes of action against Subway. Since April 22, 2022, the Foundation has retaken possession of the Leased Premises and changed the locks.

This correspondence is a formal demand for payment. The following is a summary of the amounts owed to the Foundation by Subway pursuant to the [now-terminated] Lease.

As set forth in our previous correspondences, Subway failed to pay any rent under the Lease since August of 2020 until the Judgment of Eviction was rendered in March of 2022. The total rental arrearages amount to $60,076.00:

CAL CASIEU CLERK-CI303 Jul 01 2022 PM 03:55:00

| Month | Rent |
|---|---|
| September 2020 | $3,162.00 |
| October 2020 | $3,162.00 |
| November 2020 | $3,162.00 |
| December 2020 | $3,162.00 |
| January 2021 | $3,162.00 |
| February 2021 | $3,162.00 |
| March 2021 | $3,162.00 |
| April 2021 | $3,162.00 |
| May 2021 | $3,162.00 |
| June 2021 | $3,162.00 |
| July 2021 | $3,162.00 |
| August 2021 | $3,162.00 |
| September 2021 | $3,162.00 |
| October 2021 | $3,162.00 |
| November 2021 | $3,162.00 |
| December 2021 | $3,162.00 |
| January 2022 | $3,162.00 |
| February 2022 | $3,162.00 |
| March 2022 | $3,162.00 |
| | **$60,076.00** |

Additionally, the Foundation is entitled to recover the cost to repair the interior of the Leased Premises to account for Subway's failure to satisfy this obligation under the Lease. This amount includes but is not limited to any amounts received from Subway's insurer. The estimated cost to repair the interior of the Leased Premises to its pre-hurricane condition is **$81,315.75**. See the Estimate prepared by Velocity, which was previously delivered to your attention.

Furthermore, Subway, its franchisee, or an agent of one of them, made the unilateral decision, without notice to or consent of the Foundation, to install an entirely different air conditioning unit at the Leased Premises. The Foundation fulfilled its obligation to repair the roof and had already completed the work to restore the roof to its pre-hurricane condition; however, because Subway installed a different [split level] a/c unit, a gap or hole was left in the new roof which allowed water to enter the building. The Foundation's roof expert estimates that it will be necessary to remove the existing roof and curb and then rebuild same considering the a/c unit installed by Subway, which work is not covered under the roof's warranty. The estimated cost for this work is **$83,224.24**.

Finally, the Foundation is entitled to recover all costs and expenses, including attorneys' fees, associated with enforcing its rights under the Lease, all pursuant to the paragraph of the Lease titled **ATTORNEY'S FEES**. To date, the Foundation has incurred **$11,230.20** in attorneys' fees and costs due to Subway's breach of the Lease.

The amounts due to the Foundation as a result of Subway's breach of the Lease are summarized as follows:

- Rental arrearages: $60,076.00
- Interior repairs: $81,315.75
- Roof repairs: $83,224.44
- Debris removal: $1,000.00
- Attorneys' fees & costs: $11,230.20
- **Total: $236,846.39**

**Please consider this correspondence formal and final demand for payment of the sum of $236,846.39 as set forth above.** If this sum is not received by our office in the next fourteen (14) days, then we have been instructed to convert our summary eviction proceeding to an ordinary proceeding and to request this sum from the Court, which will necessarily increase the attorneys' fees owed to the Foundation as well as the court costs (which will be assessed entirely to Subway pursuant to the March 22, 2022 Judgment of Eviction).

Thank you for your prompt attention to this matter. Again, the sum of **$236,846.39** must be paid to our office in the next fourteen (14) days to avoid having further legal action taken against Subway. We look forward to your response.

Sincerely yours,

Stephen D. Polito
Derek G. Hoffman

SDP/DGH/bu
Enclosures
CC: Mr. Tim Castle (via e-mail)

| | | |
|---|---|---|
| **MCNEESE STATE UNIVERSITY FOUNDATION** | : | **14TH JUDICIAL DISTRICT COURT** |
| **NO. 2022-498 "E"** | : | **PARISH OF CALCASIEU** |
| **SUBWAY REAL ESTATE, LLC OF DELAWARE** | : | **STATE OF LOUISIANA** |
| **FILED:** MAR 22 2022 | : | **DEPUTY CLERK OF COURT** |

***************************************************************************

**JUDGMENT OF EVICTION**

This matter came before the Court on the Rule for Eviction filed by MCNEESE STATE UNIVERSITY FOUNDATION, for the eviction of SUBWAY REAL ESTATE, LLC OF DELAWARE from the immovable property situated at 1608 Sampson Street, Westlake, Calcasieu Parish, Louisiana 70669. Present in Court were Stephen D. Polito and Derek G. Hoffman for MCNEESE STATE UNIVERSITY FOUNDATION. The Court, after considering the pleadings and evidence, ruled as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that (i) SUBWAY REAL ESTATE, LLC OF DELAWARE vacate the immovable property situated at 1608 Sampson Street, Westlake, Calcasieu Parish, Louisiana 70669, no later than April 22, 2022; (ii) that SUBWAY REAL ESTATE, LLC OF DELAWARE remove all of its movable and personal property located thereon no later than April 22, 2022, (iii) that upon its failure to do so, MCNEESE STATE UNIVERSITY FOUNDATION is hereby authorized to remove and dispose of all of Defendant's movable and personal property at Defendant's sole expense.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MCNEESE STATE UNIVERSITY FOUNDATION reserves all other rights and causes of action that it has or may have against SUBWAY REAL ESTATE, LLC OF DELAWARE.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that SUBWAY REAL ESTATE, LLC OF DELAWARE pay all costs of these proceedings.

JUDGMENT RENDERED in Open Court in Lake Charles, Louisiana, on March 22, 2022.

HONORABLE DAVID A. RITCHIE
JUDGE, 14TH JUDICIAL DISTRICT COURT

Respectfully Submitted:

STOCKWELL, SIEVERT, VICCELLIO, CLEMENTS & SHADDOCK, LLP

STEPHEN D. POLITO (#32638)
DEREK G. HOFFMAN (#38272)
127 W. Broad Street, 4th Floor
Lake Charles, LA 70601
(337) 436-9491 (Phone)
*Attorneys for MCNEESE STATE UNIVERSITY FOUNDATION*

FILED JUL 01 2022
Deputy Clerk of Court
Calcasieu Parish, Louisiana

MAR 22 2022
A TRUE COPY
Lake Charles, Louisiana
Deputy Clerk of Court
Calcasieu Parish, Louisiana

CALCASIEU CLERK-COST
JUL 01 2022 AM10:55:28

MCNEESE STATE UNIVERSITY FOUNDATION : 14TH JUDICIAL DISTRICT COURT

NO. 2022-2774 H : PARISH OF CALCASIEU

SUBWAY REAL ESTATE, LLC OF DELAWARE : STATE OF LOUISIANA

FILED: JUL 01 2022 :

DEPUTY CLERK OF COURT

*************************************************************************************

STATE OF LOUISIANA :
:
PARISH OF CALCASIEU :

**VERIFICATION**

BEFORE ME, the undersigned Notary Public, in and for said Parish and State, personally came and TIM CASTLE ("Affiant"), who, being by me first duly sworn did depose and say:

That he is the Property Manager and Representative for Plaintiff in the above-captioned and entitled suit and is authorized to make this Affidavit. Affiant attests that he has read the Petition for Money Judgment and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

TIM CASTLE

SWORN TO AND SUBSCRIBED before me, Notary Public, at the Parish of Calcasieu, State of Louisiana, on this 30th day of June, 2022.

NOTARY PUBLIC

[Printed Name of Notary & I.D. No.]

Derek G. Hoffman
NOTARY PUBLIC
Louisiana Bar Roll 38272
Louisiana Notary 156605
Calcasieu Parish, Louisiana
MY COMMISSION IS FOR LIFE

FILED

Deputy Clerk of Court
Calcasieu Parish, Louisiana

CALCASIEU CLERK-COST
JUL 01 2022 AM10:55:34